IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA LIU                          :
                                   :
                                   :
v.                                 :   Civil No. WMN-06-868
                                   :
ROYAL CARIBBEAN CRUISES, LTD.      :
                                   :
                                   :


MEMORANDUM

Defendant, Royal Caribbean Cruises Ltd., has moved to
dismiss the complaint filed by Plaintiff, Donna Liu, for lack of
jurisdiction or, in the alternative, to transfer venue to Miami,
Florida.  Paper No. 10.  Plaintiff has not opposed Defendant's
motion and the time for doing so has passed.  Upon a review of
the motion and applicable case law, the Court determines that no
hearing is necessary (Local Rule 105.6).  Defendant's motion to
dismiss will be denied but the request to transfer venue will be
granted.

From November 27, 2005, until December 4, 2005, Plaintiff
was a passenger aboard Defendant's cruise ship M/V RADIANCE OF
THE SEA.  Prior to the cruise, Plaintiff was issued Defendant's
passenger "Cruise/Cruise Tour Ticket Contract."  Paragraph 11 of
this contract states:

        IT IS AGREED BY AND BETWEEN PASSENGER AND
        CARRIER THAT ALL DISPUTES AND MATTERS
        WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR
        INCIDENT TO THIS CONTRACT SHALL BE LITIGATED,

> IF AT ALL, IN AND BEFORE A COURT LOCATED IN
> MIAMI, FLORIDA, U.S.A., TO THE EXCLUSION OF THE
> COURTS OF ANY OTHER STATE, TERRITORY OR
> COUNTRY.  PASSENGER HEREBY WAIVES ANY VENUE OR
> OTHER OBJECTION THAT [S]HE MAY HAVE TO ANY SUCH
> ACTION OR PROCEEDING BEING BROUGHT IN ANY COURT
> LOCATED IN MIAMI, FLORIDA.

Mem. Ex. 1.

Plaintiff filed a negligence action against Defendant in the Circuit Court for Baltimore County alleging that while on the cruise ship she slipped and fell due to a wet area on the dining area floor.  Compl. ¶ 3.  On April 3, 2006, the action was removed to this Court.

Defendant argues that Plaintiff was bound under the terms of the forum selection clause contained in the ticket contract to file suit in Miami, Florida.  A motion to dismiss based on a forum selection clause should be treated as a Fed. R. Civ. P. 12(b)(3) motion to dismiss for improper venue.  See Hendricks v. Bank of Am., N.A., 408 F.3d 1127, 1136 (9th Cir. 2005).  Section 1406(a) of Title 28 of the United States Code authorizes a district court to transfer a case when venue was improper in the original forum.  Specifically, it provides that a district court with a case "laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."

The provisions that appear in a cruise ticket contract become binding on the passenger upon acceptance of the ticket and the failure to read the ticket does not preclude the enforcement

2

of its conditions.  <u>See</u>, <u>e.g.</u>, <u>Carpenter v. Klosters Rederi A/S</u>, 604 F.2d 11, 13 (5th Cir. 1979).  A forum selection clause contained in a cruise line passenger ticket is valid, enforceable, and binding on the passenger.  <u>See Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585 (1991).  This Court has been presented with no reasons as to why the forum selection clause contained in Plaintiff's ticket should not bind her to the jurisdiction of a court located in Miami, Florida.

Generally, the Court will transfer rather than dismiss a case for improper venue.  <u>See United States v. Miller-Stauch Construction Co.</u>, 904 F. Supp. 1209, 1214 (D. Kan. 1995).  Even though Plaintiff has failed to oppose Defendant's motion, the Court will not dismiss the action, but will transfer it to the appropriate venue.  <u>See Werner Enterprises Inc. v. Trustees of the University of Pittsburgh</u>, No. 05-CV-1592, 2006 U.S. Dist. LEXIS 12837 (N.D. Ohio March 24, 2006) (granting the defendant's request to transfer venue in response to the defendant's unopposed Motion to Dismiss or, in the alternative, to Transfer); <u>see also Freshtec Food Processing, Equipment Int'l, LLC v. Easy Tray, LLC</u>, 05-142J, 2005 U.S. Dist. LEXIS 29335, *19 (W.D. Pa. Nov. 22, 2005) (granting the defendant's motion to transfer venue and denying the motion to dismiss, in part, due to the plaintiff's failure to respond or object to the defendant's motion).

For the reasons stated above, Defendant's motion to transfer venue to Miami, Florida will be granted and Defendant's motion to

3

dismiss will be denied.  A separate order consistent with the reasoning of this Memorandum will follow.

                                      _____/s/_____

                                        William M. Nickerson
                                        Senior United States District Judge

Dated: May 31, 2006